(No. 35336.—

LAURENCE J. BRANNEN, Appellant, *vs.* LA SALLE NATIONAL BANK, Exr., Appellee.

*Opinion filed November 18, 1959—Rehearing denied Jan. 18, 1960.*

NATHAN SHEFNER, of Chicago, for appellant.

DAVID A. CANEL, LEONARD A. CANEL, and JOHN F. MEISSNER, JR., all of Chicago, (JAY A. CANEL, of counsel,) for appellee.

Mr. CHIEF JUSTICE HOUSE delivered the opinion of the court:

Plaintiff, Laurence J. Brannen, appeals from an order of the superior court of Cook County striking the complaint and dismissing his suit against the La Salle National Bank for specific performance of a real-estate contract. A freehold is involved.

The complaint alleged that a written offer of $25,000 was made to the bank for a commercial building in La Grange, that such offer was accepted, but that the defendant refuses to execute a deed. The defendant bank answered as executor and trustee under the will of Krikor Topjian, wherein it admitted the offer and acceptance, but denied its authority to sell. Motions, supported by affidavits, for summary judg-

ments were filed by both parties and were denied. Plaintiff then moved to strike portions of defendant's answer and the latter moved to carry it back to the complaint as the first defective pleading. The motion to strike was denied and the order dismissing the complaint followed.

It appears from the pleadings that the testator was the owner of the entire beneficial interest in the subject property under a trust agreement known as La Salle National Bank Trust No. T-6106. Upon testator's death the bank also qualified as successor executor and testamentary trustee.

On October 28, 1958, plaintiff made a formal written offer for the property of $25,000 of which $10,000 was to be paid in cash and the balance to be secured by a purchase-money mortgage. On November 7, 1958, acceptance was endorsed upon the back of the offer upon behalf of the bank as executor by David F. Kemp, assistant vice-president. Thereafter, plaintiff deposited the down payment with the bank and tendered an installment note secured by a purchase-money mortgage for the balance. In the meantime, the bank, as executor, filed a petition in the probate court praying that it be authorized to sell the beneficial interest as executor and be directed as trustee to convey the real estate. This petition was dismissed by the probate court without prejudice.

The parties agree that there are no triable issues of fact. The material facts are set out in the pleadings and the affidavits in support of their respective motions for summary judgment. Under such circumstances the entry of a summary decree for one of the parties is proper procedure. (*Allen* v. *Meyer,* 14 Ill.2d 284.) Notwithstanding the admission of complete performance charged in the complaint, defendant attempts to now raise the point that the mortgage was not tendered within the time fixed by the offer. Since that was not the ground upon which defendant refused to perform, it cannot shift position at this time. Cf. *Ross* v. *Ross,* 406 Ill. 598; *Young* v. *Kich,* 369 Ill. 29.

The heart of the defense is that the acceptance was executed by the bank as executor, and since it held legal title as trustee under the land trust and not through the estate, it did not have the power to sell. We thus have a situation where one corporate entity is acting in three capacities, as land trustee, as executor, and as testamentary trustee. In its first capacity it holds legal title to the property and in its second and third it owns 100% of the beneficial interest therein.

The bank does not deny knowledge of the transaction in all its capacities, nor could it under the record. Kemp, who signed the acceptance on behalf of the bank as executor, wrote a letter to plaintiff on the same day advising him of the acceptance and transmitted a photostatic copy of the offer and acceptance. He commented therein that title was held under trust No. T-6106 and suggested how plaintiff could set the land up in a new land trust after the transaction had been closed through the conveyance and mortgage.

The bank had knowledge of the testator's wishes regarding the two trusts even before his death. Subsequent to the execution of his second codicil, he wrote to the bank expressing the desire that, if a sale of the property were contemplated, the plaintiff be given the first opportunity to purchase, and asked that the letter be kept in the bank's files in connection with trust No. T-6106 and the testamentary trust created under his will.

The petition to the probate court recited testator's expressed desire that plaintiff be given a chance to buy, alleged that it had informed the plaintiff that the property was for sale, and stated its belief that the offer was fair and reasonable. It being established that the defendant had full knowledge of the estate and trusts, as well as the testator's desire, we turn to the will to ascertain the bank's authority. Testator's property, other than chattels, was devised and bequeathed to the bank in trust, with full

power to sell, exchange, mortgage and convey for such prices and upon such terms as it should see fit. It is unreasonable to say that, with full and complete power to sell and convey the beneficial interest, the bank as executor or testamentary trustee could not direct itself as land trustee to execute the deed. True, we do not have the provisions of the land trust before us, but if it contained any restraint upon the beneficial owner's power to direct a sale it was the defendant's duty to so plead.

It is inferred by defendant that relief cannot be granted because it is sued in its capacity as testamentary trustee but not as land trustee. We regard this as mere sophistry. Under long established equitable principles it is a court's duty to ascertain if a contract is fairly and understandingly entered into and whether circumstances of oppression or fraud appear. (*Miedema* v. *Wormhoudt,* 288 Ill. 537.) Here we find a contract, fair by defendant's own admission in its probate petition, made understandingly by a corporate trust officer who had a thorough knowledge of the property and settlor-testator's wishes, and not a single circumstance of fraud or oppression was charged. Normally, good pleading would dictate that a corporate defendant be apprised of the capacity in which it is being sued by being made a party defendant in each of its capacities, in order that it could properly defend. In this case the entire situation was fully known to, and brought on by, the defendant bank. Under these circumstances, form should be subordinated to substance, and justice requires that the defendant be held a party in all capacities.

The order of the superior court of Cook County is reversed, and the cause remanded with directions to enter a decree for specific performance.

*Reversed and remanded, with directions.*