PETER F. SCHRIER, Plaintiff, *v.* INDIANA HARBOR BELT RAILROAD COMPANY, Defendant and Third-Party Plaintiff-Appellant.—(INLAND STEEL COMPANY, Third-Party Defendant-Appellee.)

First District (2nd Division)   No. 79-1221

Opinion filed March 25, 1980.

Anna M. Kelly, of Chicago, for appellant.

Crooks & Gilligan, Ltd., of Chicago (John W. Gilligan and Laurence J. Dunford, of counsel), for appellee.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Plaintiff, Peter F. Schrier, brought an action in the circuit court of Cook County under the Federal Employers' Liability Act (45 U.S.C. §51 *et seq.* (1976)) (hereinafter referred to as FELA) against defendant, Indiana Harbor Belt Railroad Company (hereinafter referred to as Railroad), to recover damages for injuries he allegedly sustained when he tripped over debris in the plant yard of Inland Steel Company (hereinafter referred to as Inland) while engaged in switching operations for the Railroad.

In accordance with section 25(2) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 25(2)), Railroad filed a third-party complaint against Inland seeking indemnity. Inland filed a motion to dismiss the third-party action on the ground that Railroad was seeking indemnity on an active-passive theory of indemnity, which theory was not recognized in Indiana, the place where the accident occurred. The trial court granted Inland's motion, finding the third-party complaint substantially insufficient at law under section 45 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 45). Because Railroad elected to stand on its third-party complaint, the trial court dismissed the complaint with prejudice and without leave to amend. Railroad appeals the dismissal of its third-party complaint on the basis that Illinois law, which recognizes the active-passive theory of indemnity, governs the validity of its third-party complaint, and, in the alternative, that even if Indiana law governs, its third-party complaint states a valid cause of action for indemnity.

## I.

It is well established that a railroad's right to recover indemnity or contribution from a third party for liability incurred under FELA depends entirely upon State law. (*Brenham v. Southern Pacific Co.* (W.D. La. 1971), 328 F. Supp. 119, 123, *aff'd* (5th Cir. 1972), 469 F.2d 1095, *cert. denied* (1972), 409 U.S. 1061, 34 L. Ed. 2d 513, 93 S. Ct. 560, and cases cited therein.) We first consider whether Illinois or Indiana law governs the validity of the third-party complaint.

Our supreme court in *Ingersoll v. Klein* (1970), 46 Ill. 2d 42, 262 N.E.2d 593, adopted a most significant relationship test for determining which State's law governs in a multistate tort case. The court stated, "* * * the local law of the State where the injury occurred should determine the rights and liabilities of the parties, unless Illinois has a more significant relationship with the occurrence and with the parties, * * *." (*Ingersoll,* at 45.) This court in *Jackson v. Miller-Davis Co.* (1976), 44 Ill.

App. 3d 611, 358 N.E.2d 328, applied the test adopted in *Ingersoll* to decide whether a third-party complaint filed in the Illinois court seeking indemnity on the theory of active-passive negligence stated a cause of action when the accident occurred in Indiana, which State does not recognize a distinction between active and passive negligence. This is precisely the issue presented in the instant case.

■■ Here, the injured plaintiff is an Indiana resident, employed by Railroad, an Indiana corporation.[1] The conduct causing the injury and the injury occurred at Inland's plant which is located in Indiana. Illinois is the forum State, and one of Railroad's lines runs into Chicago where Railroad maintains an office. Under the criteria set forth in *Ingersoll*, Indiana rather than Illinois has the more significant relationship with the parties and the occurrence. Indiana law applies.

## II.

Thus the question becomes whether, under Indiana law, the third-party complaint states a valid cause of action for indemnity. Under Indiana law, the right to indemnity results from an express contract or one implied in law. (15 Indiana Law Encyclopedia, Indemnity §§2, 5 (1959).) Parties may, by means of an express contract, lawfully bind themselves to indemnify against future acts of negligence, whether the negligence indemnified against be that of the indemnitor or his agents or that of the indemnitee or his agents. (*McClish v. Niagara Machine & Tool Works* (S. D. Ind. 1967), 266 F. Supp. 987, 989.) In the absence of such an express contract, Indiana follows the general rule that there can be no contribution or indemnity as between joint tortfeasors. (*McClish v. Niagara Machine & Tool Works*.) However, certain exceptions to this rule exist under which the right to indemnity will be implied.

The court in *McClish* gave three examples of such exceptions: (1) derivative liability, where a principal or employer is found negligent under the doctrine of respondeat superior only because of some negligent act of his agent or employee, the right to indemnity being founded on the separate duty of the agent or employee to the principal or employer to use due care in the performance of his duties; (2) constructive liability, where one becomes constructively liable to a third person by operation of some special statute or rule of law which imposes upon him a nondelegable duty, but who is otherwise without fault, that person being entitled to indemnity from the one who directly caused the harm; and (3) a merchant is entitled to indemnity from the supplier of a defective product which does harm to an ultimate purchaser or user based on the supplier's implied warranty of merchantability to the merchant unless the

---

[1] These facts are not revealed in the record but are stated in the brief of Inland and are unrefuted by Railroad.

merchant knew or should have known of the defect before reselling the product. The court stated:

> "It is our view of the Indiana law of indemnity that the right to indemnity may be implied at common law only in favor of one whose liability to a third person is solely derivate or constructive, and only as against one who has by his wrongful act caused such derivate or constructive liability to be imposed upon the indemnitee. If the rule is thus stated, confusion based upon 'active/passive,' 'omission/commission' or 'primary/secondary' concepts should disappear." (*McClish*, at 991.)

This view was reiterated and adopted by the Indiana Court of Appeals in *Indiana State Highway Com. v. Thomas* (1976), ___ Ind. App. ___, 346 N.E.2d 252, 259.

Railroad claims a right to indemnity from Inland under the second example stated above. It argues that if it is liable to the plaintiff, its culpability is constructive, founded solely on its nondelegable duty under FELA to provide its employees with a safe place to work, and alleges that plaintiff's injuries were caused solely by the negligent acts of Inland and not by any acts on its part.

■■ FELA imposes upon an employer railroad a nondelegable duty to provide its employees with a safe place to work even when they are required to go onto premises of a third party over which the railroad has no control. (*Shenker v. Baltimore & Ohio Railroad Co.* (1963), 374 U.S. 1, 7, 10 L. Ed. 2d 709, 83 S. Ct. 1667.) This duty includes a responsibility to inspect the third party's property for hazards and to take precautions to protect the employee from possible defects, which duty is separate and distinct from any negligence that may be attributable to the third party. (*Shenker v. Baltimore & Ohio Railroad Co.*; *Carter v. Union R.R. Co.* (3d Cir. 1971), 438 F.2d 208, 211.) However, the Act does not make the railroad an insurer of its employees' safety. (*Inman v. Baltimore & Ohio Railroad Co.* (1959), 361 U.S. 138, 4 L. Ed. 2d 198, 80 S. Ct. 242.) In order to recover under the Act, a railroad employee must show that he was injured as a proximate result of an accident which occurred in the course of his employment by the railroad and due to the railroad's negligence. (*Pyzynski v. Pennsylvania Central Transportation Co.* (W.D.N.Y. 1977), 438 F. Supp. 1044, 1047.) A showing of negligence, however slight, on the part of the railroad must be made before a railroad can be held liable in an FELA action. *Rogers v. Missouri Pacific Railroad Co.* (1957), 352 U.S. 500, 506, 1 L. Ed. 2d 493, 77 S. Ct. 443; *Howes v. Baker* (1973), 16 Ill. App. 3d 39, 43, 305 N.E.2d 689.

Inland argues that according to the *McClish* case, to fit within the constructive liability exception, the Railroad must be found to be "without any fault." Accepting this as true, it would seem to follow that if

Railroad is found liable under FELA, which requires a finding of negligence, however slight, on the part of Railroad, it would not be "without any fault" and thus would not be entitled to indemnity under Indiana law. And, of course, if Railroad is found not liable, no need for indemnity exists. However, what the court in *McClish* actually stated was, "* * * one who is constructively liable to a third person by operation of some special statute or rule of law which imposes upon him a non-delegable duty, but who is *otherwise* without fault, is entitled to indemnity from one who directly causes the harm." (Emphasis added.) *McClish*, at 990.

To illustrate such constructive liability, the *McClish* court discussed the situation where a municipality, charged with the nondelegable duty of maintaining its streets and sidewalks in a reasonably safe condition for travel, may have indemnity against the tortfeasor whose wrongful act or omission actually created the hazard which resulted in liability thus being imposed on the municipality, the indemnitor being obligated to the municipality for breach of its separate duty to the municipality not to create a nuisance in the public way. However, the court went on to state, "[i]t is extremely important to note, however, that when the municipality is itself charged with, and found to have been guilty of a negligent act or omission which contributed to cause the injury, indemnity is denied as against one guilty of a concurrent act of negligence." (*McClish*, at 990.) This is compatible with section 95 of the Restatement of Restitution (1937) which provides:

> "Where a person has become liable with another for harm caused to a third person because of his negligent failure to make safe a dangerous condition of land or chattels, which was created by the misconduct of the other or which, as between the two, it was the other's duty to make safe, he is entitled to restitution from the other for expenditures properly made in the discharge of such liability, unless after discovery of the danger, he acquiesced in the continuation of the condition."

Thus it follows that if Railroad can be found negligent solely on the basis that it breached its nondelegable duty to provide its employee with a safe place to work, but that the dangerous condition was created solely by the negligent acts of Inland, the constructive liability exception under Indiana law would apply, provided Railroad did not know nor should have known of the dangerous condition nor committed any other concurrent act of negligence which contributed to cause its employee's injury.

Railroads have been held liable in FELA actions where their employees were injured because of unsafe premises or because of the existence of an unsafe condition brought about through the act of another and without fault on the railroads' part. In *Shenker v. Baltimore & Ohio*

*Railroad Co.* (1963), 374 U.S. 1, 10 L. Ed. 2d 709, 83 S. Ct. 1667, a jury found the defendant railroad liable under FELA to its employee who was injured while loading mail onto a car of another railroad at a station managed and operated solely by the defendant railroad. The injury resulted from a defective door on the mail car of the other railroad. The Third Circuit Court of Appeals reversed, holding that the employee failed to establish negligence on the part of the defendant railroad. The case was argued before the Supreme Court on the basis of the safe-place-to-work doctrine. The defendant railroad argued that because the other railroad's train had just pulled into the station, it did not have sufficient opportunity to obtain actual or constructive notice of the defective mail car door. In rejecting this argument and reversing the Court of Appeals decision, the Supreme Court held that the railroad had a duty to inspect the other railroad's cars before permitting its employees to work there, and stated that it could have protected itself by refusing to permit its employees to service the car.

In *Duncan v. St. Louis-San Francisco Ry. Co.* (8th Cir. 1973), 480 F.2d 79, *cert. denied* (1973), 414 U.S. 859, 38 L. Ed. 2d 109, 94 S. Ct. 69, a locomotive engineer brought an FELA action against his employer railroad to recover for injuries sustained when the train he was operating veered from the mainline and crashed into a train of another railroad on an adjacent track because the switch had been left open, causing a diverging rather than a mainline movement. The railroad argued that there was no evidence to support a finding that it was negligent and that the engineer was obligated to prove either that the switch was lined for a diverging movement by the railroad or that the switch had been lined for a diverging movement for a period of time sufficient to charge the railroad with knowledge of its position. The court disagreeing, reasoned that under FELA the railroad had a nondelegable duty to provide its employees with a reasonably safe place to work and that its failure to do so constituted negligence. The court would not allow the railroad to escape liability by passing the blame for misalignment of the switch onto the other railroads using the switch, if the presence of the condition was found to constitute an unsafe place to work. To hold otherwise, the court said, would be contrary to *Shenker v. Baltimore & Ohio Railroad Co.*

In *Chicago Great Western Ry. Co. v. Casura* (8th Cir. 1956), 234 F.2d 441, a switch foreman brought an FELA action against his employer railroad and a common law action against a meat packing company for injuries he sustained when a car moving along the spur track at the packing company's plant came in contact with a gate, causing the gate to strike the foreman who was walking along the track. The jury returned a verdict in favor of the employee and against both the defendants. In rejecting the railroad's contention on appeal that the packing company

was the primary cause of the injury, the court found that under the evidence, the jury was warranted in finding not only that the place where the employee was required to work was unsafe, but also that the railroad failed to exercise ordinary care to discover the unsafeness and use ordinary care to have it made into a reasonably safe place.

In *Kennedy v. Pennsylvania R.R. Co.* (W.D. Pa. 1959), 169 F. Supp. 406, a jury held the railroad liable under FELA for damages to the plaintiff for injuries he sustained in a derailment, based upon its finding that the railroad was negligent in failing to provide the plaintiff with a safe place in which to work. The derailment, caused by debris on the tracks, occurred at a track crossing owned by United States Steel, against whom the railroad sought indemnity. The jury found that United States Steel was responsible for maintaining the crossing, and that the crossing had become unsafe through the acts of United States Steel without fault on the part of the railroad. However, that issue was treated separate and apart from the railroad's failure in its nondelegable duty to provide the plaintiff with a safe place to work. The crossing having been found unsafe, the railroad was held liable to the plaintiff.

And in *Booth-Kelly Lumber Co. v. Southern Pacific Co.* (9th Cir. 1950), 183 F.2d 902, an employee of the lumber company placed a wooden cart so near the track that an employee of the railroad was injured when caught between the caboose and the cart. The railroad was held entitled to recover from the lumber company for the amount it had paid its employee in settlement of a judgment the employee had obtained against it under the FELA. While the *Booth-Kelly* suit was based upon a contract of indemnity, the court, after reference to section 95 of the Restatement of Restitution, stated that the railroad would have been entitled to recover indemnity even in the absence of a contract because its liability was based upon a failure to make safe a dangerous condition of land or chattels, which was created by the misconduct of the lumber company. See also *Nivens v. St. Louis Southwestern Ry. Co.* (5th Cir. 1970), 425 F.2d 114; *Carter v. Union R.R. Co.* (3d Cir. 1971), 438 F.2d 208; *Waylander-Peterson Co. v. Great Northern Ry. Co.* (8th Cir. 1953), 201 F.2d 408.

Inland argues that Railroad's third-party complaint is insufficient in that it alleges that the injury to the plaintiff was caused by the "active negligence" of Inland and not by the "sole negligence" of the Railroad. Inland maintains that by such an allegation, the Railroad tacitly admits that it was concurrently negligent and, therefore, it is not entitled to indemnity under Indiana law. Inland argues that plaintiff's complaint lists with particularity the concurrent acts of negligence on the part of Railroad, liability founded upon any one of which would bar an indemnity action.

■ The record indicates that in its answer to the plaintiff's complaint, Railroad denied all allegations of negligence on its part, which included the allegation that Railroad knew of the dangerous conditions at Inland's plant prior to the accident and knew or should have known that such conditions would endanger plaintiff's safety. In its third-party complaint, it is true that Railroad alleged that the accident was caused by the "active negligence" of Inland and not by the "sole negligence" of the Railroad, but went on to include the phrase "or by any other acts on its part." Giving meaning to each phrase of the allegation, Railroad has denied that any negligence on its part caused the injury. Because of section 25(2) of the Civil Practice Act, Railroad was allowed to file its third-party complaint prior to the trial of the FELA action brought against it. The viability of Railroad's third-party complaint under Indiana law depends on whether it is found negligent under FELA and, if so, the extent to which it is found negligent. Based upon our foregoing discussion, if Railroad is found negligent solely upon its nondelegable duty to provide its employees with a safe place to work, but is found "otherwise" without fault and the dangerous condition is found to have been caused solely by the negligent acts of Inland, then Railroad would have a valid cause of action for indemnity against Inland under Indiana law. Without the benefit of such findings at this stage of the proceedings, it would be premature to dismiss Railroad's action for indemnity. Therefore, the trial court should not have dismissed the third-party complaint.

Accordingly, we reverse the judgment of the circuit court of Cook County dismissing Railroad's third-party action for indemnity and remand for further action consistent with this opinion.

Reversed and remanded.

PERLIN, P. J., and HARTMAN, J., concur.