PETER F. SCHRIER, Plaintiff, *v.* INDIANA HARBOR BELT RAILROAD COMPANY, Defendant and Third-Party Plaintiff-Appellee.—(INLAND STEEL COMPANY, Third-Party Defendant-Appellant.)

First District (2nd Division)    No. 80-3130

Opinion filed December 15, 1981.—Modified on denial of rehearing January 19, 1982.

Crooks & Gilligan, Ltd., of Chicago (John W. Gilligan, of counsel), for appellant.

Anna M. Kelly, of Chicago, for appellee.

JUSTICE DOWNING delivered the opinion of the court:

This third-party action seeking indemnity is before us for the second time. Peter Schrier, plaintiff, instituted a personal injury action under the Federal Employers' Liability Act (45 U.S.C.A. par. 51 *et seq.* (1972)) (hereinafter FELA), against his employer, Indiana Harbor Belt Railroad Company (hereinafter Railroad). Railroad filed a third-party complaint seeking indemnity from Inland Steel Company (hereinafter Inland).

The procedural history of this case is involved. We set out only those details necessary for an understanding of the issues currently before this court. Plaintiff Peter Schrier filed a complaint on April 8, 1976, under the FELA against his employer, Railroad, alleging that he sustained injuries in the course of his employment on the premises of Inland. Railroad filed a third-party complaint seeking implied indemnity from Inland under an active-passive theory of indemnity on September 15, 1978. The circuit court dismissed the third-party complaint. This court reversed. *Schrier v. Indiana Harbor Belt R.R. Co.* (1980), 82 Ill. App. 3d 561, 402 N.E.2d 872.

Railroad, without notice to Inland, took the deposition of plaintiff on February 20, 1979. Inland had filed its appearance on December 5, 1978. Railroad, on November 10, 1980, filed a motion for summary judgment against Inland, based on the theory of express indemnity. Submitted as exhibits with the motion were the deposition of plaintiff, a lease,[1] and a

---

[1] The lease stated, in part:
"Lessee will be responsible for and will indemnify, save harmless and defend Lessor, from any and all claims in suits for, and any and all liability, loss, or expense arising from or in connection with damage to or loss of property of Lessor, Lessee, or of agents, servants and employees of either; or of passengers or any other person and from any and all claims and suits for, and any and all liability, loss, or expense arising from or incidental to or in connection with injury or death to persons, including agents, servants, or employees of Lessor or of Lessee, or any other person, all arising out of or incidental to or in connection with this lease or the demised premises."

sidetrack agreement,[2] containing language upon which Railroad relied in support of its claim for express indemnity. The parties to these agreements were Inland and the New York Central Railroad. New York Central had the authority to assign its interest without notice to Inland.

Inland filed a motion to quash the deposition of plaintiff and for leave to take plaintiff's deposition. The circuit court denied the motion to quash, stating that the primary issues in the motion for summary judgment were an indemnity agreement and an interpretation of the law of the state of Indiana. The circuit court then entered judgment on November 25, 1980, for plaintiff against Railroad for $50,000, and entered summary judgment for Railroad against Inland on the third-party complaint for $50,000.

Inland filed a notice of appeal on December 8, 1980. On December 10, 1980, Railroad was granted leave by the circuit court to file an amended third-party complaint, alleging the theory of express indemnity. On April 10, 1981, we granted Inland's motion to strike from the record on appeal the amended third-party complaint and, pursuant to Supreme Court Rule 366(a)(1), allowed Railroad leave to file an amended third-party complaint in this court. (73 Ill. 2d R. 366(a)(1).) We subsequently granted Inland leave to file a motion to strike the amended third-party complaint, which motion has been taken with this case for decision.

The issues raised by Inland on appeal are: (i) whether the amended third-party complaint states a cause of action in express indemnity; and (ii) whether the granting of summary judgment was proper, where Inland was not given notice of plaintiff's deposition which was subsequently used against it. Other issues are also raised, but, in light of our resolution of these issues, they will not be addressed.

I

Railroad's amended third-party complaint alleges a cause of action based on express indemnity. Inland claims that the third-party complaint

---

[2] The sidetrack agreement stated, in part:
"SIXTH: ° ° ° In respect of all loss or damage to property, other than by fire caused as aforesaid, or in respect of injury to or death of persons caused by or in connection with the construction, operation, maintenance, use, presence, or removal of said tracks (a) the Railroad Company shall assume responsibility for and hold the Industry harmless from all losses, damages, claims and judgments arising from or growing out of the sole actionable acts or omissions of the Railroad Company, its agents or employees; (b) the parties hereto shall equally bear all losses, damages, claims, and judgments arising from or growing out of the joint or concurring actionable acts or omissions of both parties hereto, their respective agents or employees; and (c) the Industry shall assume the responsibility for and save the Railroad Company harmless from all losses, damages, claims and judgments arising from or growing out of the sole actionable acts or omissions of the Industry, its agents or employees."

does not state a cause of action because Indiana law severely restricts indemnity agreements which indemnify a party for its own negligence. Inland argues that Railroad's settlement of plaintiff's FELA claim establishes that Railroad was negligent and thus precludes Railroad from recovering indemnity from Inland.

The prior appeal in this case held that Indiana law applies to the indemnity claim and is the law of the case. (82 Ill. App. 3d 561, 563, 402 N.E.2d 872, 873.) Indiana law permits a party to contract for indemnity for its own negligence, but requires that the contract be "clear and unequivocal." (*Indiana State Highway Com. v. Thomas* (1976), 169 Ind. App. 13, 346 N.E.2d 252.) *Thomas* suggests that a reference to the indemnitee's own negligence is essential. (169 Ind. App. 13, 26-27, 346 N.E.2d 252, 260.) Indemnity was recently allowed where the contract specifically referred to the indemnitee's own negligence. *Center Township v. City of Valparaiso* (1981), ___ Ind. App. ___, 420 N.E.2d 1272.

The language in the agreements in the instant case clearly does not meet the "clear and unequivocal" standard. Neither of the agreements mentions indemnity for the Railroad's own negligence. Therefore, if Inland's contention that Railroad's settlement of the FELA action establishes negligence on the part of Railroad is correct, the agreements do not provide a basis for express indemnity.

The standards for liability for negligence under the FELA are substantially broader than in a common law negligence action. (*Nivens v. St. Louis Southwestern Ry. Co.* (5th Cir. 1970), 425 F.2d 114, 118, *cert. denied* (1970), 400 U.S. 879, 27 L. Ed. 2d 116, 91 S. Ct. 121.) The test is whether negligence on the part of the employer played any part, even the slightest, in producing the injury. Thus, the common law proximate cause standard is greatly reduced. (425 F.2d 114, 118.) The negligence of the employer may consist of breach of its nondelegable duty to provide a safe place to work. This duty exists even when the employees are on the premises of a third party over which the employer has no control. *Shenker v. Baltimore & Ohio R.R. Co.* (1963), 374 U.S. 1, 7, 10 L. Ed. 2d 709, 83 S. Ct. 1667; *Howes v. Baker* (1973), 16 Ill. App. 3d 39, 44, 305 N.E.2d 689, *appeal denied* (1974), 55 Ill. 2d 605.

■■ Therefore, the Railroad may be liable under the FELA for conducting substantially less than common law negligence. Indiana law strictly construes agreements which indemnify a party for its own negligence. Since the FELA judgment does not establish that the Railroad was guilty of common law negligence, the indemnity agreements may not have to be strictly construed. If the Railroad was not negligent under the common law standard, the indemnity agreements may be enforced. We therefore hold that the amended third-party complaint states a cause of action, and the pending motion to strike is denied.

## II

In light of the above discussion, it is clear that the trial court should not have granted summary judgment. First, a factual issue exists as to whether the Railroad's conduct amounted to common law negligence, or whether its FELA liability was based solely on the breach of its non-delegable duty to provide a safe place to work. The circumstances surrounding the occurrence are unclear, due in large part to the covert taking of plaintiff's deposition. Second, although a trial court is vested with broad discretion in ruling on discovery matters (*Hanes v. Orr & Associates* (1977), 53 Ill. App. 3d 72, 74, 368 N.E.2d 584), the failure of the trial court to allow Inland to take plaintiff's deposition clearly amounts to an abuse of discretion.[3] For these two reasons, the granting of summary judgment was improper.

Accordingly, the judgment of the circuit court is reversed and this cause is remanded for further proceedings.

Reversed and remanded.

STAMOS and PERLIN, JJ., concur.

---

[3] In its petition for rehearing, Railroad claims that the trial court's order did not constitute an abuse of discretion since the time period for discovery had expired. Railroad relies on Circuit Court Rule 3.3, which provides that discovery be terminated 24 months after an action is filed. After 24 months, discovery is permitted only by order. Railroad, however, ignores the trial court's order, entered September 23, 1980, which re-opened discovery from that date until January 31, 1981. Inland's motion to quash and for leave to take plaintiff's deposition was filed on November 13, 1980.