MICHAEL L. SUMMAR, Plaintiff, v. INDIANA HARBOR BELT RAILROAD COMPANY *et al.*, Defendants (Indiana Harbor Belt Railroad Company, Counterplaintiff-Appellant; Inland Steel Company, Counterdefendant-Appellee).

First District (1st Division)   No. 85—2065

Opinion filed September 29, 1986.—Supplemental opinion filed on denial of rehering May 18, 1987.

Anna M. Kelly, of Chicago, for appellant.

O'Connor & Schiff, of Chicago (Elliot R. Schiff, Paul M. Lisnek, and Jeanne Leary Maher, of counsel), for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff, Michael Summar, filed an action to recover damages for personal injuries against defendants, Indiana Harbor Belt Railroad Company (railroad) and Inland Steel Company (Inland). Plaintiff, an employee of the railroad, sustained injuries on April 13, 1984, while operating a railroad switch in the railroad storage yard of Inland located in East Chicago, Indiana. Plaintiff's action against the railroad is based on the Federal Employers' Liability Act (45 U.S.C.A. sec. 51 et seq. (1972)) (FELA), while his action against Inland sounded in common law negligence. The railroad denied the allegations of the complaint and filed a three-count counterclaim against Inland. Counts I and II of the counterclaim seek contractual indemnity based on a yard-operating agreement and ground-lease agreement. Count III of the counterclaim seeks contribution pursuant to the Illinois Contribution Act (Ill. Rev. Stat. 1983, ch. 70, pars. 301 through 305). The trial court granted Inland's motion to dismiss the counterclaim for failure to state a cause of action, and the railroad appeals from that order.

We first address whether the allegations contained in railroad's counterclaim state a cause of action for indemnity. The railroad makes a claim for express indemnity and relies on the language of

both a yard-operating agreement[1] and a ground-lease agreement[2] entered into by Inland and the New York Central Railroad. The Indiana Harbor Belt Railroad Company is a successor in interest under these agreements. As stated, plaintiff sustained his injuries in the State of Indiana. There is no issue before this court as to which State law applies, and the parties are in agreement that the applicable law of the case is Indiana law.

■■ ■ Indiana law allows parties by express contract to indemnify against future acts of negligence, whether the negligence indemnified against be that of indemnitor or his agents or that of the indemnitee or his agents. (*McClish v. Niagara Machine & Tool Works* (S.D. Ind. 1967), 266 F. Supp. 987.) There is a requirement that a contract providing for express indemnity must be clear and unequivocal in its terms. (*Indiana State Highway Com. v. Thomas* (1976), 169 Ind. App. 13, 346 N.E.2d 252.) The arguments raised here and the indemnity agreements at issue in this case, involving the same parties, were previously reviewed and considered by this court in two prior decisions (*Schrier v. Indiana Harbor Belt R.R. Co.* (1980), 82 Ill. App. 3d 561, 402 N.E.2d 872 (*Schrier I*); *Schrier v. Indiana Harbor Belt R.R. Co.* (1982), 102 Ill. App. 3d 855, 430 N.E.2d 204 (*Schrier II*)). On review, the *Schrier II* court held that the indemnity agreements at issue here did not meet the "clear and unequivocal"

---

[1]The yard-operating agreement provides, in pertinent part: "In respect of all loss or damage to property, other than by fire caused as aforesaid, or in respect of injury to or death of persons caused by or in connection with the construction, operation, maintenance, use, presence or removal of said tracks (a) the Railroad Company shall assume responsibility for and hold the Industry harmless from all losses, damages, claims and judgments arising from or growing out of the sole actionable acts or omissions of the Railroad Company, its agents or employees; (b) the parties hereto shall equally bear all losses, damages, claims and judgments arising from or growing out of the joint or concurring actionable acts or omissions of both parties hereto, their respective agents or employes; and (c) the Industry shall assume the responsibility for and save the Railroad Company harmless from all losses, damages, claims and judgments arising from or growing out of the sole actionable acts or omissions of the Industry, its agents or employes."

[2]The ground-lease agreement provides, in pertinent part: "Lessee will be responsible for and will indemnify save harmless and defend Lessor from any and all claims and suits for, and any and all liability, loss or expense arising from or in connection with damage to or loss of property of Lessor, Lessee, or of agents, servants and employees of either; or of passengers or of any other person and from any and all claims and suits for, and any and all liability, loss or expense arising from or incidental to or in connection with injury or death to persons, including agents, servants, or employees of Lessor or of Lessee, or any other person, all arising out of or incidental to or in connection with this lease or demised premises."

standard since neither of the agreements contained a stipulation for the indemnity of the railroad for its own negligence. We find this holding equally applicable to the instant case. This position is in accord with Indiana law, which provides that in order for an indemnity agreement to be clear and unequivocal, the agreement would need to stipulate in specific terms that negligence might arise out of the acts or omissions of the indemnitor, the indemnitee, both, or unrelated third parties. *Indiana State Highway Com. v. Thomas* (1976), 169 Ind. App. 13, 346 N.E.2d 252.

▬ Although we do not find that the express agreements at issue here form a basis for the railroad's actions for express indemnity, it is our opinion that an action for indemnity could be implied in law. Indiana follows the general rule that, in the absence of an express contract, there can be no contribution or indemnity as between joint tortfeasors. (*McClish v. Niagara Machine & Tool Works* (S.D. Ind. 1967), 266 F. Supp. 987.) Certain exceptions to this rule, however, have been carved out where the right to implied indemnity has been recognized. One such exception provides that one who is constructively liable to a third person by operation of some special statute or rule of law which imposes upon him a nondelegable duty, but who is otherwise without fault, is entitled to indemnity from one who directly causes the harm. (266 F. Supp. 987.) An example of such a special statute is the FELA.

In *Schrier I*, the railroad claimed its right to indemnity was based on constructive liability arising from its nondelegable duty under the FELA to provide its employee with a safe place to work and alleged that plaintiff's injuries were caused solely by the negligent acts of Inland. The railroad makes the same argument in the instant case. In its decision the *Schrier I* court outlined the requirements to recover under FELA. A plaintiff must show that he was injured in the course of his employment by the railroad and as a proximate result of the railroad's negligence. Any showing of negligence on the part of the railroad, even the slightest, is sufficient to create liability. Thus, an employer can be liable for negligence under the FELA which does not give rise to common law negligence. The court concluded that the railroad could construct a valid cause of action for indemnity, stating:

> "*** [I]t follows that if Railroad can be found negligent solely on the basis that it breached its nondelegable duty to provide its employee with a safe place to work, but that the dangerous condition was created solely by the negligent acts of Inland, the constructive liability exception under Indiana

law would apply, provided Railroad did not know nor would have known of the dangerous condition nor committed any other concurrent act of negligence which contributed to cause its employee's injury." *Schrier v. Indiana Harbor Belt R.R. Co.* (1980), 82 Ill. App. 3d 561, 565, 402 N.E.2d 872, 876.

■ In the case at bar, the allegations in plaintiff's complaint against both Inland and the railroad have yet to be proved. Until such time as plaintiff had presented his case, it was premature for the trial court to dismiss the railroad's counterclaim. Under Indiana law, the validity of the railroad's counterclaim depends on whether it is found negligent under the FELA and the extent to which it is found negligent. The railroad would have a viable cause of action if its negligence was based solely upon its nondelegable duty to provide its employee with a safe place to work, it was otherwise without fault, and plaintiff's injuries were solely caused by the negligence of Inland. At this stage of the litigation, it is unclear which of these allegations will survive the test of proof. (*Schrier v. Indiana Harbor Belt R.R. Co.* (1980), 82 Ill. App. 3d 561, 402 N.E.2d 872.) Accordingly, that portion of the railroad's counterclaim which states a cause of action for indemnity must stand and we reverse the trial court's dismissal of counts I and II.

The remaining issue is whether the railroad's counterclaim states a cause of action for contribution between joint tortfeasors. As previously stated, the law of Indiana is applicable to the issues in this case. Unlike Illinois, Indiana has not adopted the concept of contribution among joint tortfeasors. The railroad argues that although the substantive law of Indiana is applicable in this case an action for contribution is appropriate because contribution is the law of the forum State and it is procedural in character.

■ The question of whether a matter is procedural or substantive has generally been addressed as whether the law is designed to merely regulate the conduct of a trial rather than to affect the outcome of the case. (*Midland Trail Bus Lines, Inc. v. Martin* (1935), 100 Ind. App. 206, 194 N.E. 862; *Cleveland, Chicago, Cincinnati & St. Louis Ry. Co. v. Wolf* (1920), 189 Ind. 585, 128 N.E. 38.) In the case at bar, we believe it is clear that the Illinois Contribution Act (Ill. Rev. Stat. 1983, ch. 70, pars. 301 through 305) does affect the outcome of this case in that it grants recovery where none existed at common law. Any percentage of fault which might be assessed against Inland affects the outcome of the case. Since we are applying Indiana law, and contribution is not adopted in that State, we will not impose the Illinois contribution statute on the parties to this

action. This position is consistent with the application of other Illinois statutes which have not been given extraterritorial force unless specifically so enacted. (*Graham v. General U.S. Grant Post No. 2665 V.F.W.* (1969), 43 Ill. 2d 1, 248 N.E.2d 657 (Illinois Dramshop Act found not applicable to acts occurring in sister States); *Jackson v. Miller-Davis Co.* (1976), 44 Ill. App. 3d 611, 358 N.E.2d 328 (Illinois Structural Work Act held not applicable in a construction case where Indiana law applied).) We, therefore, conclude that the trial court properly dismissed that portion of the counterclaim seeking contribution.

Accordingly, for the reasons stated, the judgment of the circuit court of Cook County dismissing counts I and II of railroad's counterclaim seeking indemnity is reversed. That portion of the judgment dismissing count III of the counterclaim seeking contribution is affirmed.

Affirmed in part, reversed in part, and remanded for further proceedings.

QUINLAN, P.J., and O'CONNOR, J., concur.

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

JUSTICE CAMPBELL delivered the opinion of the court:

In its petition for rehearing, Inland argues that by allowing the railroad to amend its counterclaim to seek implied indemnity, this court is redrafting the railroad's pleadings and, in effect, acting as counsel for the railroad. Inland contends that this action is proscribed by the fundamental principle that a party cannot change his theories on appeal, citing *Brannen v. La Salle National Bank* (1959), 18 Ill. 2d 116, 163 N.E.2d 476, and *Buck v. Alton Memorial Hospital* (1980), 86 Ill. App. 3d 347, 407 N.E.2d 1067. While we are wholly in accord with this principle, we do not find the cited decisions applicable to the case before us. *Brannen* and *Buck* provide that where a party fails to raise an issue at the trial level, he is precluded from raising it for the first time on appeal. In its counterclaim, the railroad sought both indemnity and contribution from Inland. We concluded that while contractual indemnity was not viable under Indiana law where the contract did not contain a specific provision for indemnification, consistent with two prior decisions of this court (*Schrier v. Indiana Harbor Belt R.R. Co.* (1980), 82 Ill. App. 3d 561, 402 N.E.2d 872; *Schrier v. Indiana Harbor Belt R.R. Co.*

(1981), 102 Ill. App. 3d 855, 430 N.E.2d 204), an action for indemnity could be implied in law. The railroad did not attempt to either revamp its pleadings in this court or raise the issue of indemnity for the first time on appeal.

When confronted with a motion to dismiss, unless it clearly appears that no set of facts could be proved under the pleadings which would entitle the plaintiff to relief, the complaint must be sustained. (*Ogle v. Fuiten* (1984), 102 Ill. 2d 356, 466 N.E.2d 224; *Sargent v. Illinois Institute of Technology* (1979), 78 Ill. App. 3d 117, 397 N.E.2d 443.) Further, the statute relating to amendment of pleadings is to be liberally construed so as to allow cases to be decided on their merits rather than on procedural technicalities. (*Anderson v. Rick's Restaurant & Cocktail Lounge* (1977), 45 Ill. App. 3d 992, 360 N.E.2d 465.) While a reviewing court may affirm a judgment on any basis appearing in the record (*Cutsinger v. Cullinan* (1979), 72 Ill. App. 3d 527, 391 N.E.2d 177), "justice would not be served by affirming a dismissal of a judgment against a party on the basis of a pleading defect which could be remedied by amendment" (*Village of Pawnee v. Knostman* (1983), 115 Ill. App. 3d 842, 854-55, 450 N.E.2d 1272, 1281).

We do not believe the interests of justice would be served in the case at bar by affirming the trial court's dismissal of that portion of the railroad's counterclaim seeking indemnification against Inland where an amended pleading may be sought on remand pursuant to the decision of this court.

QUINLAN, P.J., and O'CONNOR, J., concur.