588 S.E.2d 87

**John David ROGERS, Petitioner,**

v.

**NORFOLK SOUTHERN CORPORATION, Norfolk Southern Railway Company, Respondent.**

No. 25720.

Supreme Court of South Carolina.

Reheard June 10, 2003.

Decided Sept. 22, 2003.

Rehearing Denied Nov. 6, 2003.

86

Deborah Alley Smith, of Christian & Small, LLP, William Cox Tucker, Jr., of Lucas, Alvis & Wash, PC, both of Birming-

ham, AL; and Robert A. McKenzie, of McDonald, McKenzie, Rubin, Miller & Lybrand, of Columbia, for Petitioner.

Henry Dargan McMaster and John Gregg McMaster, both of Tompkins & McMaster, of Columbia, for Respondent.

Justice PLEICONES:

We granted certiorari to review the Court of Appeals' decision in *Rogers v. Norfolk Southern Corp.*, 343 S.C. 52, 538 S.E.2d 664 (Ct.App.2000). We affirm as modified.

## FACTS [1]

Norfolk Southern Corporation ("Norfolk Southern"), under contract with U.S. Silica ("Silica"), transports Silica's product over spur tracks owned by Silica. Silica runs slurry [2] through pipes running beneath the spur lines to a storage facility.

A slurry pipe ruptured two days before John David Rogers' ("Rogers") injury. Silica employees temporarily repaired the pipes, intending to replace them at a later date. Silica did not notify Norfolk Southern of the rupture.

On the day of Rogers' injury a Norfolk Southern train entered the Silica complex on a spur track. The Norfolk Southern crew, consisting of a conductor and an engineer, dismounted from the train for a break. They returned to discover a large hole beneath the track estimated to be between four to five feet deep and approximately eight to ten feet wide. The train engineer noticed a small stream of clear water at the bottom of the hole, which flowed outward from the direction of the Silica plant. The train conductor testified that no exposed pipe was visible in the hole. The train conductor asked Norfolk Southern to inspect the track to ensure the train could traverse it safely. Norfolk Southern sent Rogers, an assistant track supervisor, to inspect the hole.

---

1. A more extensive treatment of the facts can be found in the Court of Appeals' opinion. *Rogers v. Norfolk Southern Corp.*, 343 S.C. 52, 538 S.E.2d 664 (Ct.App.2000).

2. Slurry is an abrasive mixture of sand and water that can be pumped through a pipe. The slurry has a sandblasting effect on the pipes causing the pipes to be worn down over time.

Rogers testified that, upon arriving at the site, he could see the hole from 150 feet away but could not tell what caused the hole. Rogers' assistant testified to seeing "wet sand" around the hole. Norfolk Southern's head track inspector testified he knew a hole created by the failure of a water line would cause an inspector to be more cautious "than if it had just been water washed across the track or water leaking from a low pressure pipe, [because] it might cause a concave-type hole under the track rather than one that would go straight down."

As Rogers neared the hole, the ground shifted beneath him. Rogers jerked backwards to avoid falling and immediately felt pain in his back. Rogers sought medical treatment and was diagnosed with a herniated disc, which resulted in pain in his back and his left leg. Rogers attempted to return to work after surgery, but he has work restrictions on lifting, bending, stooping, and twenty percent impairment to his lumbar spine.

Rogers filed suit against Norfolk Southern under FELA, alleging Norfolk Southern was negligent in failing to provide him with a reasonably safe place to work. Rogers also filed suit against Silica for common law negligence. The jury returned a $3,000,000 verdict against Silica and Norfolk Southern, apportioning 30% of the verdict to Norfolk Southern and 70% to Silica. Following the verdict, Norfolk Southern's motion for judgment notwithstanding the verdict (JNOV) was denied. The Court of Appeals reversed.

## ISSUES

I. Did the Court of Appeals err in applying a state standard in reviewing a trial court's denial of Norfolk Southern's Motion for JNOV in a case premised on federal law?

II. Did the Court of Appeals err in reversing the trial court's denial of Norfolk Southern's Motion for JNOV?

## I

### Standard for JNOV

The Court of Appeals issued its opinion in this case before we decided *Norton v. Norfolk Southern Ry. Co.*, 350 S.C. 473, 567 S.E.2d 851 (2002) in which we held state trial courts

hearing a federal claim must review motions for a new trial under a federal standard. In *Norton*, this Court noted state courts have concurrent jurisdiction to hear Federal Employers Liability Act ("FELA") claims. *See id*; 45 U.S.C. §§ 51, *et seq.* We further noted a state court trying a FELA action is controlled by federal substantive law and state procedural law. Because a motion for a new trial involves questions of the sufficiency of evidence, we held state courts must apply federal, not state, standards in reviewing such motions. *Norton v. Norfolk Southern Ry. Co., supra.*

■■ A Motion for JNOV[3] requires a court to determine the sufficiency of the evidence. Therefore, a state court presiding over a FELA action must apply federal rules in deciding a Motion for JNOV. *Cf. Norton v. Norfolk Southern Ry. Co., supra.*

■■ The Court of Appeals applied the state standard of review and concluded Rogers presented no evidence to support the jury's finding that Norfolk Southern was negligent.[4] The Court of Appeals erred by failing to apply the federal standard, applicable to both trial and appellate courts, which is:

> the evidence and all reasonable inferences from it are assessed in the light most favorable to the non-moving party ... and the credibility of all evidence favoring the non-moving party is assumed.... Assessed in this way, the evidence must then be 'of such quality and weight that

---

**3.** We observe that the federal rules do not provide specifically for a Motion for JNOV. The federal rules do allow for a Motion for Judgment as a Matter of Law. *See* Rule 50, FRCP. As a practical matter South Carolina's Motion for JNOV and the federal Motion for Judgment as a Matter of Law are the same.

**4.** The Court of Appeals wrote the state standard required a trial court to:

> view the evidence and the inferences that reasonably can be drawn therefrom in the light most favorable to the party opposing the motions. The trial court must deny the motions when the evidence yields more than one inference or its inference is in doubt. [Appellate courts] will reverse the trial court only when there is no evidence to support the ruling below.

*Rogers*, 343 S.C. at 58, 538 S.E.2d at 668 (quoting *Steinke v. South Carolina Dep't of Labor, Licensing and Regulation*, 336 S.C. 373, 386, 520 S.E.2d 142, 148 (1999)).

reasonable and fair-minded men in the exercise of impartial judgment could reasonably return a verdict for the non-moving party . . . .' a 'mere scintilla of evidence' is not sufficient to withstand the challenge.

*Crinkley v. Holiday Inns,* 844 F.2d 156, 160 (4th Cir.1988) (internal citations omitted). In other words, "the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought." *Rogers v. Missouri Pac. R. Co.,* 352 U.S. 500, 506, 77 S.Ct. 443, 448, 1 L.Ed.2d 493 (1957) (citation omitted). However, before the case may be properly left to the jury there must be more than a scintilla of evidence establishing defendant's liability. *Brady v. Southern Ry.,* 320 U.S. 476, 479, 64 S.Ct. 232, 234, 88 L.Ed. 239 (1943) ("the weight of the evidence under . . . [FELA] must be more than a scintilla before the case may be properly left to the discretion of the trier of fact. . . .").

▋ Both the state and federal standards require a trial judge to view the evidence in the light most favorable to the non-moving party. However, under the state standard the trial court should not grant JNOV where the evidence yields more than one inference. An appellate court may not over-turn the decision of the trial court, under the state standard, if there is any evidence to support the trial court's ruling.

In contrast, under the federal standard both the trial and appellate courts must ask whether a fair, impartial, and reasonable juror could return a verdict for the non-moving party. To survive the motion the non-moving party must have presented more than a scintilla of evidence to establish his claim. In ruling on a Motion for JNOV in a FELA action, a state court must ask whether more than a scintilla of evidence was presented which "justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought." *Rogers v. Missouri Pac. R. Co., supra.*

## II

### Norfolk Southern's Motion for JNOV

▋ Norfolk Southern has a non-delegable duty to provide Rogers a safe place to work, even when Rogers is

working on the property of a third party. *See Norfolk Southern Ry. Co. v. Trimiew*, 253 Va. 22, 480 S.E.2d 104 (1997); *McGraw v. Norfolk & Western Ry. Co.*, 201 W.Va. 675, 500 S.E.2d 300 (1997); *Schrier v. Indiana Harbor Belt R. Co.*, 102 Ill.App.3d 855, 58 Ill.Dec. 262, 430 N.E.2d 204 (1981). Norfolk Southern's duty to provide a safe working environment extends only to foreseeable dangers. *Brown v. CSX Transp., Inc.*, 18 F.3d 245, 248 (4th Cir.1994) (quoting *Atlantic Coast Line R. Co. v. Craven*, 185 F.2d 176, 178 (4th Cir.1950) ("An employer has a duty to provide his employees a safe place to work, but this duty cannot be absolute. Dangers are implicit in such occupations as railroading, and railroads are not insurers of their employees.")); *Brown*, 18 F.3d at 250 (an employer "may not be held liable if it had no reasonable way of knowing that the hazard, which caused [Plaintiff's] injury, existed.").

■■■■■■ Congress mandated courts construe FELA provisions liberally in favor of injured railroad workers. *Urie v. Thompson*, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949). Although FELA is to be liberally construed, this "does not mean that it is a workers' compensation statute. [The U.S. Supreme Court has] insisted that FELA 'does not make the employer the insurer of the safety of his employees while they are on duty. The basis of his liability is his negligence, not the fact that injuries occur.'" *Consolidated Rail Corp. v. Gottshall*, 512 U.S. 532, 543, 114 S.Ct. 2396, 2404, 129 L.Ed.2d 427 (1994). An employee may recover under FELA only upon proving the employer's negligence contributed, in whole or in part, to the worker's injury. *See* 45 U.S.C. § 51 (a railroad "shall be liable in damages to any person suffering injury while he is employed by such carrier ... for such injury ... resulting in whole or in part from the negligence of any of the officers, agents or employees of such carrier"). Plaintiffs, even under FELA, must prove the traditional common law elements of negligence: duty, breach, causation and damages. *See Brown, supra.* Reasonable foreseeability of harm is essential to a FELA claim. *See Brown*, 18 F.3d at 249.

■■■■■■ Rogers was sent to the track on U.S. Silica's premises to inspect the track and report any problems or damages found, and advise his supervisors of any necessary

repairs. On the day Rogers was injured, Rogers was sent to the track specifically to inspect the hole that was discovered by the conductor and engineer. To prevail on a FELA negligence claim, Rogers must prove "duty, breach, foreseeability, and causation." *Adams v. CSX Transp. Inc.*, 899 F.2d 536, 539 (6th Cir.1990). Norfolk Southern had a duty to provide its employees with a safe workplace. *Id.* Nevertheless, "[t]he employer is not held to an absolute responsibility for the reasonably safe condition of the place, tools and appliances, but only to the duty of exercising reasonable care to that end, the degree of care being commensurate with the danger reasonably to be anticipated." *Isgett v. Seaboard Coast Line R.R. Co.*, 332 F.Supp. 1127, 1139 (D.S.C.1971).

We fail to see how, in this instance, Norfolk Southern could have been any more prudent. Rogers was Norfolk Southern's first responder following advisement by its employees of the obvious problem at the site. Rogers' job was to inspect the area around the track and to inform Norfolk Southern of any danger.[5] We agree with the Court of Appeals that Norfolk Southern was not chargeable, prior to Rogers' arrival, with knowledge of the cause of the problem at the site. *Rogers v. Norfolk Southern Corp.*, 343 S.C. 52, 61, 538 S.E.2d 664, 669 (Ct.App.2000). Norfolk Southern was not, therefore, negligent in any particular in dispatching Rogers to inspect the site.

The law does not require that employers be omniscient, only that they exercise reasonable care. Rogers was the agent of Norfolk Southern entrusted with informing the company of dangers in the Norfolk Southern workplace. No more than a mere scintilla of evidence, if that, was adduced at trial from which the negligence of Norfolk Southern could be inferred. We conclude that a fair, impartial and reasonable juror could not have returned a verdict against Norfolk Southern. The Court of Appeals arrived at the correct result as to all

---

5. *Cf. Hurley v. Patapsco & Back Rivers R.R. Co.*, 888 F.2d 327 (4th Cir.1989) (Directed verdict was proper when appellant was only employee qualified to operate lathe, and "without notice from appellant as to possibly dangerous conditions not evident to a layperson, appellee had no opportunity to correct these conditions and cannot be found negligent").

allegations of negligence—albeit through application of the incorrect standard.

We therefore **AFFIRM AS MODIFIED** the Court of Appeals' decision.

MOORE, A.C.J., and Acting Justice James C. Williams, Jr., concur.

BURNETT, J., dissenting in a separate opinion in which WALLER, J., concurs.

Justice BURNETT:

I respectfully dissent. The evidence presented by Rogers is more than sufficient to satisfy the federal "more than a mere scintilla" standard.

Under the federal standard, applied alike at trial and on review, the evidence and all reasonable inferences from it are assessed in the light most favorable to the non-moving party ... and the credibility of all evidence favoring the non-moving party is assumed.... Assessed in this way, the evidence must then be 'of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment could reasonably return a verdict for the non-moving party....' A 'mere scintilla of evidence' is not sufficient to withstand the challenge.

*Crinkley v. Holiday Inns,* 844 F.2d 156, 160 (4th Cir.1988) (internal citations omitted).

A scintilla is defined as "a trace" of evidence. Black's Law Dictionary 1347 (7th ed.1999).

The majority concludes Norfolk Southern was not negligent in dispatching Rogers to inspect the site. I agree. The mere dispatch of Rogers to the site was not negligent.

In my opinion, however, Norfolk Southern was negligent in failing to provide Rogers with a safe place to work. As noted by the majority, Norfolk Southern had a non-delegable duty to provide Rogers a safe place to work, even when Rogers was working on the property of a third party. *See Norfolk Southern Ry. Co. v. Trimiew,* 253 Va. 22, 480 S.E.2d 104 (1997); *McGraw v. Norfolk & Western Ry. Co.,* 201 W.Va. 675, 500 S.E.2d 300 (1997); *Schrier v. Indiana Harbor Belt R. Co.,* 102 Ill.App.3d 855, 58 Ill.Dec. 262, 430 N.E.2d 204 (1981).

Viewing the testimony and its inferences in the light most favorable to Rogers as we are required to do, Norfolk Southern was negligent in failing to provide a safe place for Rogers to perform his work. Norfolk Southern's non-delegable duty required it inspect the premises within the area of its responsibility for conditions injurious to its employees. This duty necessarily required it be aware of conditions adjacent to the tracks which posed an immediate potential of danger to its employees. This Norfolk Southern failed to do.

The convex hole created beneath the Norfolk Southern tracks resulted from the rupture of slurry pipes which ran beneath the tracks. The pipes were visible going into the ground adjacent to the track and emerging from the ground on the opposite side of the track. Although the installation of the pipes was not disclosed to Norfolk Southern, the pipes were not concealed from view. Photographs and witness testimony show the entry of the slurry pipes into the ground twenty feet from the spur track. It was clearly foreseeable that a dangerous condition existed adjacent to Norfolk Southern's tracks.

In my opinion, more than a mere scintilla, a trace, of evidence was introduced establishing Norfolk Southern knew or, in the exercise of ordinary care, should have known the conditions at Silica posed a danger to its employees. Accordingly, under FELA standards, Rogers is entitled to prevail. *Rogers v. Missouri Pac. R. Co.*, 352 U.S. 500, 506, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957) (under FELA, an employee prevails if he establishes "that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought.").

The majority opines no fair, impartial, and reasonable juror could have returned a verdict against Norfolk Southern. The record, however, is devoid of evidence the jury which returned the verdict against Norfolk Southern was unfair, partial, or unreasonable. Instead, Rogers presented this jury more than a mere scintilla of evidence Norfolk Southern breached its non-delegable duty, resulting in injury to him.

I would **REVERSE** the Court of Appeals' decision.

WALLER, J., concurs.