Robert B. PEYTON, Jr., Appellant,

v.

## ST. LOUIS SOUTHWESTERN RAILWAY COMPANY, Appellee.

No. 91–3253.

United States Court of Appeals, Eighth Circuit.

Submitted April 14, 1992.

Decided April 27, 1992.

Richard Quiggle, Little Rock, Ark., argued (Ernest Trakas, St. Louis, Mo., on brief), for appellant.

John Lile, Little Rock, Ark., argued (Bettina Brownstein, on briefs), for appellee.

Before FAGG, Circuit Judge, HENLEY, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

FAGG, Circuit Judge.

Robert B. Peyton, Jr. brought this personal injury action under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51–60 (1988), against St. Louis Southwestern Railway Co. (SSW). After the jury returned a $375,000 verdict for Peyton, the district court granted SSW a judgment notwithstanding the verdict. Peyton appeals and we affirm.

Peyton was injured while using an open-ended wrench known as a crow's foot to tighten nuts on a diesel engine's high-pressure fuel lines. The handle on the crow's foot fractured unexpectedly, striking Peyton and causing him to fall and injure himself. Peyton brought this FELA lawsuit contending SSW negligently provided him with a defective tool.

■■■ Under FELA, an employer has a duty to provide its employees with a reasonably safe workplace, including safe equipment. *See Ackley v. Chicago & N.W. Transp. Co.*, 820 F.2d 263, 267 (8th Cir. 1987). If an employee is injured because of an unsafe condition, the employer is liable "if its negligence played any part, even the slightest, in producing the employee's injury." *Davis v. Burlington N., Inc.*, 541 F.2d 182, 185 (8th Cir.), *cert. denied*, 429 U.S. 1002, 97 S.Ct. 533, 50 L.Ed.2d 613 (1976). The burden remains on the employee, however, to show the employer was negligent. *Id.* Whether an employer has breached its duty of care is measured by "the degree of care that persons of ordinary, reasonable prudence would use under similar circumstances and by what these same persons would anticipate as resulting from a particular condition." *Ackley*, 820 F.2d at 267. In other words, the employer's duty under FELA to maintain a safe workplace turns in a general sense on the reasonable foreseeability of harm. *Id.* Thus, an employer is not liable if it had no reasonable way of knowing about the hazard that caused the employee's injury. *Gallose v. Long Island R.R.*, 878 F.2d 80,

85 (2d Cir.1989); *Richardson v. Missouri Pac. R.R.,* 677 F.2d 663, 665 (8th Cir.1982); *Davis,* 541 F.2d at 185.

■ Applying these principles to the record in this case, we conclude the district court properly granted SSW's motion for a judgment notwithstanding the verdict. *See Frieze v. Boatmen's Bank,* 950 F.2d 538, 540 (8th Cir.1991) (setting forth standard of review when considering a judgment notwithstanding the verdict). Peyton had the burden of showing that with the exercise of due care, SSW could have discovered the defect in the crow's foot. *Richardson,* 677 F.2d at 665; *Davis,* 541 F.2d at 185. At trial, Peyton admitted the crow's foot appeared normal and in good condition when he began using it to tighten the nuts. Nevertheless, Peyton's theory was that SSW should have inspected the crow's foot for hidden stress cracks and defects with a liquid dye called Magnaflux before allowing him to use it. Peyton presented no expert testimony, however, about the Magnaflux process or whether the defect that caused the crow's foot to fracture could have been discovered through a Magnaflux inspection. For its part, SSW countered Peyton's testimony with a metallurgist's expert testimony that the crow's foot was defectively manufactured and that there was no way SSW could have known the tool would fracture when Peyton used it. On this record, there was no basis on which a reasonable jury could conclude SSW was negligent in failing to discover the defective crow's foot. *Richardson,* 677 F.2d at 665–66; *Davis,* 541 F.2d at 186.

■ Peyton also contends the district court committed error in failing to instruct the jury on the doctrine of res ipsa loquitur. In order for res ipsa loquitur to apply, "the injury for which the plaintiff seeks recovery must be of a kind that ordinarily does not occur in the absence of negligence." *Stillman v. Norfolk & W. Ry.,* 811 F.2d 834, 836 (4th Cir.1987). This case does not involve an injury of this sort— tools break without warning and without negligence on anyone's part. As SSW's expert testified, the crow's foot he examined fractured unexpectedly because of a defect that SSW could not have discovered. Thus, this is not a case in which the jury could infer SSW was negligent based solely on the fact the tool fractured.

■ In any event, Peyton's proposed res ipsa loquitur instruction incorrectly stated the law. Peyton's proposed instruction allowed the jury to infer SSW was negligent if the jury found the crow's foot would not have fractured absent SSW's failure to exercise "the highest degree of care." This incorrectly states a higher standard of care than FELA requires. SSW merely had to exercise the same degree of care as an ordinary, reasonable person would exercise in similar circumstances. *Ackley,* 820 F.2d at 267; *Davis,* 541 F.2d at 185. Because Peyton's requested res ipsa loquitur instruction contained an incorrect statement of the law, the district court properly refused to give the instruction to the jury. *Chohlis v. Cessna Aircraft Co.,* 760 F.2d 901, 906 (8th Cir.1985).

Accordingly, we affirm the district court's order granting SSW's motion for a judgment notwithstanding the verdict.