16 F.3d 1229
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Robert F. VIDLAK, Appellant,
v.
BURLINGTON NORTHERN RAILROAD, a Corporation, Appellee.
 No. 93-2811NE.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 9, 1993.
Filed: December 22, 1993.
 
 Appeal from the United States District Court for the District of Nebraska.
 Before FAGG, BOWMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Robert F. Vidlak injured his shoulder lifting an electrical box while picking up trash outside his normal work area at his foreman's direction. Vidlak, a Burlington Northern Railroad Company (BN) employee, brought this action against BN for damages under the Federal Employers' Liability Act (FELA), 45 U.S.C. Secs. 51-60 (1988). The district court granted summary judgment for BN. Vidlak appeals, contending the case should have been submitted to a jury to determine whether BN should have foreseen Vidlak could be injured when assigned work he did not usually perform. We affirm.
 
 
 2
 Summary judgment is appropriate unless there is sufficient evidence favoring Vidlak for a jury to return a verdict for him. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986); see Fed. R. Civ. P. 56(c). A jury question is presented under FELA when a reasonable conclusion may be drawn that the employer's negligence played any part in the employee's injury. Rogers v. Missouri Pac. R.R. Co., 352 U.S. 500, 506-07 (1957).
 
 
 3
 To establish BN's negligence, Vidlak must show BN breached its duty to provide him with a reasonably safe workplace. Peyton v. St. Louis S.W. Ry. Co., 962 F.2d 832, 833 (8th Cir. 1992). An employer's duty of care under FELA generally turns on the reasonable foreseeability of harm. Id. We agree with the district court that Vidlak has failed to offer any evidence of foreseeability. Vidlak admitted he had no problem carrying the box, he had lifted heavier items before without problems, and he did not trip or slip on anything. Vidlak neither asserted that he was supplied with unsafe equipment nor that he was required to work in an unsafe area. He did not claim he was assigned work beyond his physical capacity. See Fletcher v. Union Pac. R.R. Co., 621 F.2d 902, 909 (8th Cir. 1980) (railroad negligent in assigning work beyond employee's capacity), cert. denied, 449 U.S. 1110 (1981). Because there is no basis on which a reasonable jury could conclude BN was negligent in failing to foresee that Vidlak could be injured, the district court properly granted summary judgment for BN.
 
 
 4
 Accordingly, we affirm.