**Darrell E. BROWN, Plaintiff–Appellee,**

v.

**CSX TRANSPORTATION, INCORPORATED, a corporation, Defendant–Appellant.**

No. 93–1446.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 25, 1993.

Decided March 1, 1994.

**ARGUED:** Luke Andrew Lafferre, HUD-DLESTON, BOLEN, BEATTY, PORTER & COPEN, Huntington, West Virginia, for Appellant. Lawrence A. Thomas, HUNEGS, STONE, KOENIG & DOLAN, P.A., Minneapolis, Minnesota, for Appellee. **ON BRIEF:** Fred Adkins, HUDDLESTON, BOLEN, BEATTY, PORTER & COPEN, Huntington, West Virginia, for Appellant. Richard G. Hunegs, HUNEGS, STONE, KOENIG & DOLAN, P.A., Minneapolis, Minnesota; Lawrence J. Lewis, Huntington, West Virginia, for Appellee.

Before NIEMEYER, Circuit Judge, CHAPMAN, Senior Circuit Judge, and KAUFMAN, Senior United States District Judge for the District of Maryland, sitting by designation.

## OPINION

CHAPMAN, Senior Circuit Judge:

Darrell E. Brown brought this suit under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51, against his employer, CSX Transportation, Inc. ("CSX"), for injuries he sustained as a result of a loud, shrill noise that he was exposed to while in the scope of his employment. At trial, CSX's motions for judgment as a matter of law were denied. After the jury found for Brown and awarded him $53,000, CSX again moved for a judgment as a matter of law, and again the court denied the motion. CSX appeals the district court's denial of its motions for judgment as a matter of law, and for the reasons stated below, we reverse.

### I.

Brown, a sheet metal worker for CSX, was allegedly injured on June 22, 1987 at CSX's rail yard in Russell, Kentucky. His claimed injury was caused when a CSX locomotive pushed some railroad cars through a "retarder" or "squeezer," a mechanism designed to slow a rail car's motion, producing a high-pitched, shrill noise. At the time of the incident, Brown was repairing an air valve eight to ten feet away from the point where the railroad car came into contact with the retarder. As a result of the noise, Brown claims to have suffered permanent hearing loss, tinnitus (a ringing in the ear), and emotional distress.

Brown brought a FELA action against CSX on December 1, 1988, in United States District Court for the Southern District of West Virginia. Specifically, Brown alleged that he suffered "extensive and permanent damage to his ears, including, but not limited to, hearing loss" as a result of a "high loud shrill noise."

The case was tried before a jury, and evidence was presented that Brown, at the time of the incident, was working in the east end of the Russell yard, a high traffic area. Brown testified that he had worked in the particular area of the rail yard for several years and that locomotives frequently pushed rail cars through the yard. Brown stated that never before had he heard a noise in the east end similar to the noise which caused his injuries.

John Walker, another CSX sheet metal worker, testified that some noise is produced every time a car passes through a retarder. Charles Wheeler, a CSX signal maintainer, testified that during his many years of working in the rail yard, he had never before heard retarder noise in the specific area where the incident took place. Frank Branham, a signal supervisor for CSX, testified that he was responsible for all air pressured retarders at the Russell yard and it was his opinion that the retarder at issue was obsolete at the time of Brown's injury.

Brown's medical expert testified that he examined Brown after the incident and Brown reported that he was exposed to a loud, shrill noise and had experienced a ringing in his ears, known as tinnitus.* The doctor testified that he assumed Brown's condition was due to the work related incident and not some other factor. CSX's medical expert testified that Brown's tinnitus was most likely caused by factors other than noise exposure, such as age, and that a significant portion of the general adult population has ringing in the ear without a known cause thereof.

Brown introduced evidence indicating that the noise had also caused him mental distress. He claimed that his exposure to the noise caused tinnitus which in turn caused him emotional distress. The emotional distress necessitated treatment with medication which caused him to lose time from work. CSX objected to the testimony regarding emotional distress because there was no mention of such a claim in the complaint, interrogatory answers or pretrial order. The court allowed Brown to present this

---

* Tinnitus is not a loss of hearing. At the time of trial he had no hearing loss, and such loss that he may have had immediately after the incident was of a temporary nature.

medical testimony because it found that CSX had been given adequate notice of the emotional distress claim during the pretrial deposition of Dr. Bal Bansal, one of Brown's medical witnesses, one month before trial. Dr. Bansal testified there was a causal connection between Brown's tinnitus and his resulting nervousness and anxiety. At the close of Brown's evidence and again at the close of CSX's evidence, CSX moved, pursuant to Rule 50(a), for judgment as a matter of law. Both motions were denied by the court. The jury returned a verdict for Brown in the amount of $53,000.

On September 25, 1992, the district court entered its final order and denied CSX's motions for judgment as a matter of law or, in the alternative, a new trial.

## II.

■ The district court may grant a motion for judgment as a matter of law during a jury trial after a party has been fully heard on an issue only if "there is no legally sufficient evidentiary basis for a reasonable jury to have found for that party with respect to that issue." Fed.R.Civ.P. 50(a). To grant the motion the district court must examine the evidence in the light most favorable to the non-moving party and determine "whether a reasonable trier of fact could draw only one conclusion from the evidence." *Townley v. Norfolk & W. Ry.*, 887 F.2d 498, 499 (4th Cir.1989). When reviewing a district court's denial of judgment as a matter of law, this court applies the same standards *de novo*. *Id.*

Section one of the FELA, 45 U.S.C. § 51 (1988), under which Brown claims the right to recover damages, provides in pertinent part:

Every common carrier by railroad while engaging in commerce between any of the several States ... shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce ... for such injury ... resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track,

roadbed, works, boats, wharves, or other equipment.

■ In a FELA action, "the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought." *Rogers v. Missouri Pac. R.R.*, 352 U.S. 500, 506, 77 S.Ct. 443, 448, 1 L.Ed.2d 493 (1957) (footnote omitted). However, in *Brady v. Southern Ry.*, the Supreme Court cautioned

The weight of the evidence under the Employers' Liability Act must be more than a scintilla before the case may be properly left to the discretion of the trier of fact ... When the evidence is such that without weighing the credibility of the witnesses there can be but one reasonable conclusion as to the verdict, the court should determine the proceeding by non-suit, directed verdict or otherwise in accordance with the applicable practice without submission to the jury, or by judgment notwithstanding the verdict. By such direction of the trial the result is saved from the mischance of speculation over legally unfounded claims.

320 U.S. 476, 479–80, 64 S.Ct. 232, 234, 88 L.Ed. 239 (1943) (citations omitted). Likewise this court, in *Atlantic Coast R.R. v. Craven*, stated

This case must be reversed because there was no substantial evidence upon which the question of negligence could have been submitted to the jury. Although decisions under the Act [FELA] are most liberal in allowing employees to recover, it has been reaffirmed time and again that recovery lies only upon the concurrence of negligence and injury as cause and effect ... An employer has a duty to provide his employees a safe place to work, but this duty cannot be absolute. Dangers are implicit in such occupations as railroading, and railroads are not insurers of their employees.

185 F.2d 176, 178 (4th Cir.1950) (citations omitted), *cert. denied,* 340 U.S. 952, 71 S.Ct. 571, 95 L.Ed. 686 (1951).

## III.

The Supreme Court has observed that the FELA does not define negligence and therefore leaves the question to be determined by common law principles as established and applied by the federal courts. *Urie v. Thompson,* 337 U.S. 163, 174, 69 S.Ct. 1018, 1026, 93 L.Ed. 1282 (1949).

■ In order to show CSX's liability under the FELA, Brown must prove that he was injured while in the scope of his employment, his employment was in furtherance of CSX's interstate transportation business, CSX was negligent, and CSX's negligence caused, at least in part, the injury for which compensation is sought. *Sowards v. Chesapeake & O. Ry.,* 580 F.2d 713, 714 (4th Cir.1978) (citing 45 U.S.C. § 51).

From the record, it is clear that Brown was within the scope of his employment when he was injured, and that his work was in furtherance of CSX's business. Thus, it is only necessary for us to address the issues of CSX's alleged negligence and whether the negligence was a cause of Brown's injury.

■ In order to prove negligence, Brown must demonstrate that CSX had a duty to provide Brown with a safe workplace and CSX breached that duty causing Brown's injuries. *See Robert v. Consolidated Rail Corp.,* 832 F.2d 3, 6 (1st Cir.1987). Reasonable foreseeability of harm is an essential ingredient of FELA negligence. *Gallick v. Baltimore & O. R.R.,* 372 U.S. 108, 117, 83 S.Ct. 659, 665, 9 L.Ed.2d 618 (1963). *See also Robert,* 832 F.2d at 6 (under the FELA, "[p]laintiffs are still required to prove traditional common law elements of negligence: duty, breach, foreseeability, and causation").

■ It is uncontested that CSX had a non-delegable duty to provide Brown with a safe place to work. *Shenker v. Baltimore & O. R.R.,* 374 U.S. 1, 7, 83 S.Ct. 1667, 1671, 10 L.Ed.2d 709 (1963); *Chesapeake & O. Ry. v. Thomas,* 198 F.2d 783, 786 (4th Cir.1952), *cert. denied,* 344 U.S. 921, 73 S.Ct. 387, 97 L.Ed. 709 (1953). This duty includes inspecting the workplace and taking reasonable precautions to protect employees from possible harm. *Cazad v. Chesapeake & O. Ry.,* 622 F.2d 72, 75 (4th Cir.1980).

■ Viewing the evidence in the light most favorable to Brown, we cannot find that CSX was guilty of negligence. Brown has argued that the retarder was obsolete and should have been removed, but there was no evidence that the sudden high shrill noise, which occurred but once, was the result of the obsolescence of the retarder. However, the record reveals that the retarders placed throughout the Russell yard serve the vital function of slowing cars once they have been released from a moving locomotive. Walker testified at trial that all retarders create some noise when the exposed metal of the retarder comes in contact with the metal wheels of rail cars. The generation of some noise is routine and is not indicative of CSX's negligence. As the Supreme Court has stated, railroad employers are not the insurers of their employees. *Inman v. Baltimore & O. R.R.,* 361 U.S. 138, 140, 80 S.Ct. 242, 243, 4 L.Ed.2d 198 (1959). Thus, before Brown may recover under the FELA, he must prove that he was injured by an extraordinary noise produced as a result of CSX's negligence. Brown testified that he had worked in the east end for several years and had never before heard a noise like the one which caused his injury. Additionally, Wheeler testified that he had never heard a loud, shrill noise produced in that specific area of the rail yard. While CSX may have known that loud noises were created when rail cars passed through retarders, Brown presented no evidence that the particular retarder had, in the past, produced excessive noises. There was no evidence of foreseeability or that CSX was on notice that a sudden, shrill mega-decibel noise might come forth. No evidence was presented that the retarder was defective or in need of repair. From the record, the noise described by Brown was extraordinary, and there is no evidence that CSX was on notice of any problems with the specific retarder prior to Brown's injury.

Although CSX was under a duty to make reasonable inspections under its continuing duty to make the rail yard safe for its employees, Brown had the burden of showing that with the exercise of due care, CSX could have discovered a defect in the retarder and

remedied the situation. *Peyton v. St. Louis S.W. Ry.*, 962 F.2d 832, 834 (8th Cir.1992). Brown presented no evidence of a defect in the retarder which caused the noise, and he made no proffer of how an inspection by CSX would have revealed a defect. We are left to speculate and so was the jury. Brown did not demonstrate how CSX, using reasonable care, could have discovered that the retarder might suddenly emit a loud noise not heard before. Absent prior notice of a problem with the retarder or a showing that an inspection would have revealed a defect, we cannot find that CSX breached its duty to provide Brown with a safe place to work.

We are not convinced that Brown has satisfied the reasonable foreseeability requirement. CSX may not be held liable if it had no reasonable way of knowing that the hazard, which caused Brown's injury, existed. *Peyton*, 962 F.2d at 833; *Gallose v. Long Island R.R.*, 878 F.2d 80, 85 (2d Cir.1989). Brown has argued that CSX should have foreseen his accident because loud noises are produced whenever a car passes through a retarder. While some noise always results when a train passes through a retarder, CSX had no prior notice, either actual or constructive, of unusually loud noises in the east end of the Russell yard, or of any extraordinary noises produced by the retarder at issue. Because CSX had neither notice of prior extraordinary noise incidents nor notice that a defect existed in the retarder, we hold that the incident was not reasonably foreseeable by CSX.

To conclude, we hold that Brown failed to prove CSX's negligence. First, he failed to prove the retarder was defective. The retarder was in the yard for a purpose and properly served its purpose of slowing the rail cars as the cars were pushed into the yard to be unloaded or connected. Second, CSX was not obligated to provide its workers with hearing protection. Brown and Walker each acknowledged that ear guards were not feasible for yard workers in high traffic areas because the workers need to hear oncoming trains to avoid accidents. Third, CSX had no notice of a defect in the retarder and was not aware that the retarder was capable of suddenly producing an extraordinary one-time noise that caused Brown's alleged injuries. CSX had a duty to make reasonable inspections, but there was no evidence that an inspection of the retarder would have disclosed a defect capable of causing the loud noise, and Brown failed to prove that the incident was reasonably foreseeable by CSX.

## IV.

We hold that Brown, even under the relaxed standards of the FELA, has not met his burden of proving CSX's negligence. Because we conclude that CSX was not negligent, it is unnecessary for us to examine the issue of causation. Therefore, we reverse the district court's denial of CSX's motions for judgment as a matter of law and remand the case with instructions to enter judgment for the defendant.

*REVERSED.*

FRANK A. KAUFMAN, Senior District Judge, dissenting:

While the question is certainly not free from doubt, I conclude that there was sufficient evidence of complaints by other employees of similar loud noise from retarders before the occurrence in this case, that CSX knew of the same and had made attempts to reduce the noise level, and that the retarder in question was not up to standard. In the light of such evidence, the district court appropriately submitted to the jury the issue of negligence, including the component of reasonable foreseeability, and was correct in denying the interim and post-trial motions of CSX for judgment as a matter of law. Therefore, I would affirm the judgment below and respectfully dissent.