91 F.3d 144
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James R. SMITH, Plaintiff-Appellant,
v.
CONSOLIDATED RAIL CORPORATION, Defendant-Appellee,
Norfolk and Western Railway Company, Defendant.
 No. 95-3727.
 United States Court of Appeals, Sixth Circuit.
 June 28, 1996.
 
 Before: MARTIN, JONES, and RYAN, Circuit Judges.
 RYAN, Circuit Judge.
 
 
 1
 The plaintiff, James R. Smith, a brakeman and conductor for Consolidated Rail Corporation, filed suit against Conrail under the Federal Employer's Liability Act (FELA), 45 U.S.C. §§ 51-60, after incurring on-the-job injuries. Following the district court's grant of summary judgment to Conrail, Smith appealed, arguing that the district court erred in concluding that he had failed to produce any evidence that Conrail caused his injury. For the following reasons, we will affirm.
 
 I.
 
 2
 Smith was acting as the brakeman and conductor on a Conrail train one night when the train collided with a van at a railroad grade crossing. Following the accident, Smith left the train and began walking toward the van, as he was required to do by Conrail's operating rules. On his way to the van, Smith fell down an embankment and was injured. At his deposition, Smith was unable to identify the cause of his fall:
 
 
 3
 Q. What happened as you went up the van?
 
 
 4
 A. That is where I slipped and fell.
 
 
 5
 Q. Where were you when you slipped and fell?
 
 
 6
 A. I can't give you a precise place.
 
 
 7
 Q. Were you on the ballast?
 
 
 8
 A. I don't remember if there was ballast down in there or what. There was snow on the ground.
 
 
 9
 Q. Do you know what you slipped on?
 
 
 10
 A. No.
 
 
 11
 Q. Do you know why you slipped?
 
 
 12
 A. No.
 
 
 13
 Q. When you say "slipped," would you describe for me exactly what happened? Was it one foot? Both feet? Did you fall? What exactly happened?
 
 
 14
 A. I just--my feet went out from under me and my neck snapped.
 
 
 15
 ....
 
 
 16
 Q. ... In that area, where the van is, was there debris?
 
 
 17
 A. Oh, yes.
 
 
 18
 Q. What kind of debris?
 
 
 19
 A. Various railroad paraphernalia. I think there were old spikes laying around, which is normal, and there was some ties down in there and a lot of debris from the [van].
 
 
 20
 ....
 
 
 21
 Q. You are not saying that you tripped or you slipped or you fell on any of that debris, are you?
 
 
 22
 A. From what?
 
 
 23
 Q. From any of these sources.
 
 
 24
 A. I don't know.
 
 
 25
 Conrail then filed a motion for summary judgment on Smith's FELA claim, on the ground that Smith had produced no evidence that any action or inaction on the part of Conrail caused his injuries. In response, Smith submitted an affidavit in which he proffered an explanation for the accident; he stated that the site of his accident was filled with debris, vegetation, and loose pieces of ballast, and that he "believe[s] one of those items caused [his] injuries."
 
 
 26
 The district court was unpersuaded. It acknowledged that under FELA, it is sufficient for a plaintiff to produce evidence that the employer's failure to exercise reasonable care in creating a safe work location for its employees played any part, even the slightest, in producing the plaintiff's injury. The court concluded, however, that Smith had failed to meet even this minimal burden, because "[t]he only evidence in the record that tends to show that Plaintiff's injuries resulted from th[e] generally unsafe environment ... is his own affidavit." The court concluded that because the plaintiff's affidavit directly contradicted his own deposition testimony, it could not create a genuine issue of material fact with respect to causation.
 
 
 27
 Smith filed this timely appeal.
 
 II.
 
 28
 Smith devotes much of his brief to arguing that his evidentiary burden under FELA is very low, and reasoning that, therefore, summary judgment should not be granted unless there is a "zero probability" that the railroad's negligence contributed to his injury. Smith contends that because he produced evidence showing that the surface on which he had to walk was uneven, and that there was debris in the general vicinity, he produced sufficient evidence of causation. Smith also argues briefly that his affidavit did not contradict his prior deposition testimony, but merely "supplemented" it.
 
 
 29
 This court reviews a district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the nonmoving party to determine whether a genuine issue of material fact exists. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Once the moving party has met its burden of production, the nonmoving party must go beyond the pleadings, and by affidavits, or by " 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (quoting Fed.R.Civ.P. 56(e)). Summary judgment is proper if all the evidence before the district court "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to [a] judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 30
 Section 1 of FELA provides, in pertinent part, that
 
 
 31
 [e]very common carrier by railroad while engaging in commerce between any of the several States or Territories ... shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce ... for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.
 
 
 32
 45 U.S.C. § 51. There is no dispute in this case that Conrail is a "common carrier by railroad," that Conrail engages in interstate commerce, and that Smith was an employee employed by Conrail in interstate commerce. The sole question is whether Smith's injury resulted in whole or in part from the negligence of Conrail.
 
 
 33
 FELA has been construed as requiring a common-carrier employer to provide its employees with a reasonably safe workplace. Ulfik v. Metro-North Commuter R.R., 77 F.3d 54, 58 (2d Cir.1996); Peyton v. St. Louis Southwestern Ry., 962 F.2d 832, 833 (8th Cir.1992); Adams v. CSX Transp., Inc., 899 F.2d 536, 539 (6th Cir.1990). An employer breaches this duty "if it knew or should have known of a potential hazard in the workplace, and yet failed to exercise reasonable care to inform and protect its employees." Peyton, 962 F.2d at 833; see Syverson v. Consolidated Rail Corp., 19 F.3d 824, 826 (2d Cir.1994). It is on this theory that Smith rests his claim.
 
 
 34
 "To prevail on a FELA claim, a plaintiff must 'prove the traditional common law elements of negligence: duty, breach, foreseeability, and causation.' " Adams, 899 F.2d at 539. "The Supreme Court has instructed that a relaxed standard of proof concerning causation applies in FELA cases." Ulfik, 77 F.3d at 58. The test is whether "the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury." Rogers v. Missouri Pacific R.R. Co., 352 U.S. 500, 506 (1957); see Gallick v. Baltimore & Ohio R.R., 372 U.S. 108, 116 (1963). This oft-repeated Rogers test does not mean, as Smith has suggested, that FELA requires no specific evidence of causation whatsoever--"that FELA plaintiffs need make no showing of causation." Claar v. Burlington Northern R.R. Co., 29 F.3d 499, 503 (9th Cir.1994). "It means only that in FELA cases the negligence of the defendant 'need not be the sole cause or whole cause' of the plaintiff's injuries." Id. (citation omitted). Thus, the "relaxed causation requirement is not the same as no requirement at all," Wilson v. Union Pacific R.R. Co., 56 F.3d 1226, 1230 (10th Cir.1995), and "FELA plaintiffs still must demonstrate some causal connection between a defendant's negligence and their injuries," Claar, 29 F.3d at 503. Therefore, "a FELA plaintiff is not impervious to summary judgment. If the plaintiff presents no evidence whatsoever to support the inference of negligence, the railroad's summary judgment motion is properly granted." Lisek v. Norfolk & Western Ry. Co., 30 F.3d 823, 832 (7th Cir.1994), cert. denied, 115 S.Ct. 904 (1995).
 
 
 35
 The district court was quite clearly correct that, in the absence of the affidavit, Smith's evidence of causation is nil. He testified that there was ballast and debris "[i]n that area, where the van is," but that he did not know whether ballast or debris made him fall. We note, moreover, that the debris Smith described in his deposition was in the gully, where the van lay. Since he contends that he slipped and fell on the embankment, not in the gully, the debris he referred to in his deposition could have had nothing to do with his fall. In fact, Smith was unable at his deposition even to offer any hypotheses about the cause of his fall. The deposition testimony offered by Smith is far different from testimony in which a plaintiff states, as Smith did in his affidavit, that there were three things in the vicinity, and one of them caused his fall, but he does not know which. While this type of testimony would provide only the weakest evidence of causation, it might nonetheless be enough to sustain a FELA claim, given FELA's minimal requirement that a plaintiff "need show only the mere possibility that a defendant's actions caused his injuries." Claar, 29 F.3d at 504. But as it stands, in the absence of his affidavit, Smith has made no factual assertions showing how Conrail's apparent negligence in allowing debris, vegetation, and ballast to exist along the railroad caused his injury.
 
 
 36
 Thus, the heart of this appeal is whether Smith's affidavit was properly excluded from consideration. It is undeniably established in the Sixth Circuit, as elsewhere, that a party may not create a genuine issue of material fact sufficient to defeat summary judgment by filing an affidavit in which he contradicts a statement he made in a deposition. One of the earliest cases to establish this rule was Reid v. Sears, Roebuck & Co., 790 F.2d 453 (6th Cir.1986). In that wrongful discharge case, the plaintiff, when questioned during her deposition about her initial employment interview, stated
 
 
 37
 that she could remember nothing other than that the Sears representative told her she could be fired for punching someone else's time card. Her counsel attempted to reopen this matter with a leading question, "Was there anything to the effect of you didn't have to worry about being laid off?" [The plaintiff] answered, "Yes." Counsel for Sears objected on the ground that the witness had previously answered a properly phrased question that she could not remember anything else that had been said. When the question was repeated [the plaintiff] answered, "No."
 
 
 38
 Id. at 459-60. Following the defendant's motion for summary judgment, however, the plaintiff filed an affidavit attempting to rehabilitate her claim that just-cause representations had been made, stating that she
 
 
 39
 had difficulty reading the application for employment and did not understand that the "application purported to be a 'contract of employment' that could only be altered by the President of the company, or that the fine print purported to suggest or establish that she could be fired for no reason without notice." The [affidavit] also stated that after she had signed the application for employment [the plaintiff] was interviewed by a Sears personnel representative. Upon inquiring about grounds for discharge, ... [the plaintiff] was told that the "main reasons" Sears employees were discharged were for falsification of time cards, excessive tardiness or absences, and theft.
 
 
 40
 Id. at 459. The district court, and the Sixth Circuit, in turn,
 
 
 41
 refused to deny summary judgment on the basis of the affidavit. A party may not create a factual issue by filing an affidavit, after a motion for summary judgment has been made, which contradicts her earlier deposition testimony. Even in response to a leading question in her deposition [the plaintiff] replied that no promise was made at the interview to the effect that she didn't have to worry about being laid off. If such a statement had been made she was required to bring it out at the deposition and could not contradict her deposition testimony in a subsequent affidavit....
 
 
 42
 Id. at 460 (emphasis added) (citations omitted).
 
 
 43
 The plaintiff's deposition testimony and subsequent affidavit are very similar to those under consideration in Reid. The Reid plaintiff did not specifically rule out the possibility, during her deposition, that someone had made just-cause representations to her; she testified only that she did not remember any. Later, her affidavit purported to explain the reasons for her vagueness, and suggested that some representations had been made. That set of facts is simply indistinguishable from those here. As is evident from the court's observations in Reid, if Smith had hypotheses about the cause of his fall, he was required to say so at his deposition when he was specifically questioned on the subject.
 
 III.
 
 44
 AFFIRMED.