# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-1580

_____

Michael L. Holloway

*Plaintiff - Appellant*

v.

Union Pacific Railroad Company

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 16, 2019
Filed: March 28, 2019
[Unpublished]

_____

Before GRUENDER, WOLLMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Michael L. Holloway appeals from the district court's[1] grant of summary judgment in favor of Union Pacific Railroad Company (Union Pacific) on his claim

---

[1]The Honorable Henry Edward Autrey, United States District Judge for the Eastern District of Missouri.

under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 *et seq*. Holloway also contends that the district court erred in granting Union Pacific's motion for a protective order and in denying his motion to compel discovery. We affirm.

Holloway became a signal department foreman for Union Pacific in 2011 and worked at the Scott City, Missouri, depot. Nels Johnson, a Union Pacific supervisor, visited the Scott City depot in the summer of 2012 and requested that several generators be moved out of a building. The generators had not been moved by the time Johnson again visited on December 13, 2012. Johnson thereafter accused Holloway of performing his job poorly, in part because the generators remained in the building. Before Johnson left Scott City, he told Holloway that he would return in thirty days to replace him.

Holloway returned to work at 7:00 a.m. on December 17, 2012, and decided at mid-morning to move one of the generators. He was worried about being disciplined and wanted to be able to say that he had at least started moving the generators. He had moved generators alone in the past and thought that he could safely move one of the small generators. He first completed a "lone worker job briefing" form, noting that he would need to use proper lifting techniques but did not need special tools or lifting devices. Although as a supervisor Holloway could have directed others to assist him, he did not ask any other employees for help, nor did he try to obtain any special tools or equipment. Holloway admitted that neither Johnson nor anyone else at Union Pacific had ordered him to move the generator by himself that day.

Holloway proceeded by dragging the generator out of the depot to a point near his pickup truck. He used a pallet as a makeshift ramp to lift the generator onto the truck's bed. He then drove the truck to the signal cabinet where he planned to store the generator. After sliding the generator out of the truck and onto the ground, he dragged it to the signal cabinet's door. Holloway was alert and moving at a safe

speed, but as he started to lift the generator into the cabinet, he suffered a back injury and felt a sharp pain.

Holloway later brought this FELA suit against Union Pacific. During discovery, Holloway sought to depose Johnson. The district court granted Union Pacific's motion for a protective order to prevent Holloway's counsel from asking Johnson about his management style during his deposition. The district court denied Holloway's motion to compel specific discovery requests. Holloway's memorandum in opposition to Union Pacific's motion for summary judgment included his own statement of facts but failed to admit or deny the facts set forth in Union Pacific's motion. The district court determined that Holloway had failed to follow Eastern District of Missouri Local Rule 7-4.01(E), which provides that "[a]ll matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party." The district court concluded that Holloway's statement of facts was "insufficient to controvert Defendant's Statement of Uncontroverted Material Facts," deemed Union Pacific's facts admitted, and granted Union Pacific's motion for summary judgment.

We review *de novo* a district court's grant of summary judgment. Lager v. Chicago Nw. Transp. Co., 122 F.3d 523, 524 (8th Cir. 1997). Summary judgment is proper "when the evidence, viewed in the light most favorable to the nonmoving party, reveals no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." Id.

In light of Holloway's failure to comply with Rule 7-4.01(E), we conclude that the district did not abuse its discretion by admitting Union Pacific's statement of facts. See Roe v. St. Louis Univ., 746 F.3d 874, 881 (8th Cir. 2014) (discussing the plaintiff's failure to comply with Local Rule 7-4.01(E) and concluding that "[i]f no objections have been raised in the manner required by the local rules, a district court will not abuse its discretion by admitting the movant's facts").

Holloway argues that notwithstanding his failure to comply with the rule, genuine issues of material fact nevertheless remain. Under FELA, a railroad employer has a duty to provide a reasonably safe workplace. Peyton v. St. Louis Sw. Ry. Co., 962 F.2d 832, 833 (8th Cir. 1992). An employee has a federal cause of action under FELA for injuries "resulting in whole or in part from the negligence" of the railroad. 45 U.S.C § 51. Moreover, FELA "is founded on common-law concepts of negligence and injury, subject to such qualifications as Congress has imported into those terms." Urie v. Thompson, 337 U.S. 163, 182 (1949). The Supreme Court has liberally construed the statute by concluding "that a relaxed standard of causation applies under FELA," Consol. Rail Corp. v. Gottshall, 512 U.S. 532, 543 (1994), but not a relaxed standard of foreseeability.

Union Pacific could not have foreseen Holloway's injury. "[T]he employer's duty under FELA to maintain a safe workplace turns in a general sense on the reasonable foreseeability of harm." Peyton, 962 F.2d at 833. An injury is foreseeable if a railroad employer is aware of or should have been aware of conditions that would create a likelihood that an employee would suffer the type of injury at issue. See Lager, 122 F.3d at 525. Holloway claims that Union Pacific should have known that Johnson managed employees in an unsafe fashion based on prior complaints that employees had made about him. But Holloway admitted that neither Johnson nor anyone else at Union Pacific had ordered him to move the generators in the manner that he did. Holloway, acting in his position of authority, assigned the task to himself.

Union Pacific further could not foresee that Holloway would injure himself because of lack of proper equipment. Holloway did not notify Union Pacific that he needed equipment or extra help but instead documented beforehand that no equipment or help was needed. Holloway also admitted that he had moved generators by himself in the past without injuring himself, that he thought he could safely move the generator without injury, and that he had ample time to perform the task. See

Vidlak v. Burlington N.R.R., 16 F.3d 1229 (8th Cir. 1993) (per curiam) (unpublished table decision) (concluding that the plaintiff's injury caused by carrying an electrical box was not foreseeable when the plaintiff admitted that he did not have a problem carrying the box, that he had lifted heavier items in the past without problem, that he did not trip on any impediments, and that he never claimed to be assigned work beyond his physical capacity).

Holloway further argues that the district court abused its discretion when it granted Union Pacific's motion for a protective order. See Jackson v. Allstate Ins. Co., 785 F.3d 1193, 1202 (8th Cir. 2015) (standard of review). As discussed, Johnson did not direct Holloway to perform the task of moving the generator in the manner that he did. His management style is thus irrelevant. See Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2, 197 F.3d 922, 925 (8th Cir. 1999) (explaining that "discovery may not be had on matters irrelevant to the subject matter involved in the pending action"). Holloway has failed to show that his claim would have survived summary judgment had the protective order not been entered. See Nat'l Bank of Commerce v. Dow Chem. Co., 165 F.3d 602, 606 (8th Cir. 1999) ("[Plaintiffs] failed to show how the additional discovery would alter the evidence before the district court."). We thus conclude that the district court did not abuse its discretion in granting the motion for the protective order. For the same reasons, the district court did not abuse its discretion in denying Holloway's motion to compel Union Pacific to produce evidence regarding Johnson's management style.

The judgment is affirmed.

_____